IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BERNARD DOLENZ | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-0477-N |
| | § | |
| MEGAN FAHEY, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendants United States of America ("the government) and Eveready Services, Inc. ("Eveready") have filed separate motions to dismiss this *pro se* civil action for wrongful attachment, conversion, and negligence. For the reasons stated herein, the government's motion should be granted and the claims against Eveready should be remanded to state court.

I.

On August 3, 1998, a federal jury convicted plaintiff on 12 counts of mail fraud in violation of 18 U.S.C. § 1341. Punishment was assessed at a total of 90 months confinement followed by supervised release for a period of three years. Plaintiff also was ordered to pay more than $1.6 million in restitution to his victims. *See United States v. Dolenz*, No. 3-98-CR-107-H (N.D. Tex. Dec. 29, 1998), *aff'd*, 229 F.3d 1147 (Table), 2000 WL 1239090 (5th Cir. Aug. 4, 2000), *cert. denied*, 121 S.Ct. 1213 (2001). In furtherance of its efforts to enforce the restitution order, the government brought a civil action under the Federal Debt Collections Procedures Act ("FDCPA"), 28 U.S.C. § 3201, *et seq.*, seeking a judicial determination that plaintiff was the true owner of all property located at his residence, 6102 Swiss Avenue, Dallas, Texas, and to obtain a writ of

execution. The government later modified its motion to seek a writ of attachment so it could obtain possession of the property pending a final determination of the ownership issue. The court granted the application for writ of attachment authorizing the United States marshal to seize certain non-exempt assets from plaintiff's home.

After the marshal executed the writ, plaintiff filed separate motions to stay execution and for the return of his property. Both motions were predicated on the grounds that the property seized by the marshal belonged either to: (1) a trust created for plaintiff's daughter; (2) an innocent third-party purchaser named Anis Rahman; or (3) the Community of His Devine Mercy Church. Plaintiff also asserted a counterclaim for wrongful attachment and sought compensation from the government for damages to his property allegedly caused during execution of the writ. The district court ultimately rejected plaintiff's arguments, denied his motion for return of seized property, and authorized the government "to pursue execution on the attached property through the usual procedures[.]" *See United States v. Dolenz*, No. 3-05-CV-2053-N, or. at 6 (N.D. Tex. Sept. 19, 2006). In its order, the court specifically found that "the property subject to the writ of attachment is the personal property of Dolenz" and dismissed with prejudice "any counterclaims asserted by Dolenz for wrongful attachment." *Id.* That order is currently on appeal to the Fifth Circuit. *United States v. Dolenz*, No. 06-11094.

On February 19, 2007, plaintiff filed suit in Texas state court against Assistant United States Attorney Megan J. Fahey, Deputy Marshal Lanette Cardinale ("the federal defendants"), and Eveready Services, Inc. ("Eveready"), an outside contractor, for wrongful attachment, conversion, and negligence. In his state court petition, plaintiff challenges the seizure of property allegedly belonging to the Community of His Divine Mercy Church, for which he purportedly is a Trustee. Plaintiff further alleges that the defendants caused more than $28,000 in damage to his home while

executing the writ of attachment. After timely removing the case to federal court, the government filed the instant motion seeking dismissal of plaintiff's claims on various grounds, including res judicata.[1]  Eveready has filed a separate motion to dismiss based on its affirmative defense of collateral estoppel. Both motions have been fully briefed by the parties and are ripe for determination.

## II.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowrey v. Texas A&M University System*, 117 F.3d 242, 247 (5th Cir. 1997) (citation omitted). The complaint must be liberally construed in favor of the plaintiff and the allegations contained therein must be taken as true. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Nevertheless, dismissal is proper "if it appears that no relief could be granted under any set of facts that could be proved consistent with the allegations." *American Waste & Pollution Control Co. v. Browning-Ferris, Inc.*, 949 F.2d 1384, 1386 (5th Cir. 1991), *quoting Baton Rouge Building & Construction Trade Council AFL-CIO v. Jacobs Constructors, Inc.*, 804 F.2d 879, 881 (5th Cir. 1986). Moreover, "when a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate." *Kansa Reinsurance Co. v. Congressional Mortgage Corp. of Texas*, 20 F.3d 1362, 2366 (5th Cir. 1994); *see also Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980) (permitting district court to raise issue of res judicata *sua sponte* in the interest of judicial economy where both the prior action and current case were brought in courts of the same district).

---

[1] The government also seeks dismissal on the grounds that: (1) service of process was improper under Fed. R. Civ. P. 4(i); (2) plaintiff lacks standing to sue on behalf of the Community of His Divine Mercy Church; (3) the Civil Asset Forfeiture Reform Act ("CAFRA"), 28 U.S.C. § 2680(c), bars tort claims against the United States for the negligent handling and storage of seized property; and (4) the individual defendants are entitled to quasi-judicial immunity. Because all of plaintiff's claims against the government are barred by res judicata, the court need not address these alternative reasons for dismissal.

A.

The government argues that plaintiff's claims are barred by res judicata. The rule of res judicata, or claim preclusion, "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005), *cert. denied*,126 S.Ct. 1662 (2006), *citing Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir), *cert. denied*, 125 S.Ct. 808 (2004). The test for res judicata has four elements: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *Id.*; *see also Ellis v. Amex Life Insurance Co.*, 211 F.3d 935, 937 (5th Cir. 2000). In order to determine whether both suits involve the same cause of action, the court uses a "transactional test." As the Fifth Circuit explained:

> Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose. What grouping of facts constitutes a "transaction" or a "series of transactions" must be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. If a party can only win the suit by convincing the court that the prior judgment was in error, the second suit is barred.

*Test Masters*, 428 F.3d at 571 (internal citations omitted). The critical issue is whether the two suits are based on the "same nucleus of operative facts." *Id.*; *see also In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 330 (5th Cir. 2007); *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004).

B.

Plaintiff tacitly concedes that he asserted a counterclaim for wrongful attachment in a prior action brought by the government that was dismissed by a court of competent jurisdiction. Nevertheless, plaintiff argues that the doctrine of res judicata is not applicable because: (1) the judgment in the prior case is on appeal; (2) he did not sue for conversion and negligence or seek compensation for damages to his property in the prior litigation; and (3) the Community of His Divine Mercy Church was not a party to the prior action. None of these arguments have any merit.

A federal court judgment is considered final for res judicata purposes even if it is on appeal. *See Deere & Co. v. Johnson*, 67 Fed.Appx. 253, 2003 WL 21196191 at *2 (5th Cir. May 14, 2003), *citing Prager v. El Paso National Bank*, 417 F.2d 1111, 1112 (5th Cir. 1969). Although plaintiff did not assert claims for conversion or negligence or seek money damages for harm done to his property in the earlier case, those claims clearly arise out of the "same nucleus of operative facts" as the claims involved in the prior litigation. *See Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979) ("Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding."). Finally, plaintiff makes the same arguments on behalf of the Community of His Divine Mercy Church in this case as he did on his own behalf in the prior suit. "Under the federal law of res judicata, a person may be bound by a judgment even though not a party if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative." *Aerojet-General Corp. v. Askew*, 511 F.2d 710, 719 (5th Cir.), *cert. denied*, 96 S.Ct. 210 (1975). Virtual representation exists when there is an express or implied legal relationship in which parties to the first suit are accountable to non-parties who file a subsequent suit raising identical issues, such as the relationship between a trust beneficiary and a trustee. *Pollard v.*

*Cockrell*, 578 F.2d 1002, 1008-09 (5th Cir. 1978); *see also Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 677 (5th Cir. 2003) (describing privity as "nothing more than a 'legal conclusion that the relationship between the one who is a party on the record and the non-party is sufficiently close to afford application of the principle of preclusion.'"); *Meza v. General Battery Corp.*, 908 F.2d 1262, 1266 (5th Cir. 1990) (for claim preclusion purposes, privity exists where the non-party's interests were adequately represented by a party to the original suit). Because the interests of plaintiff and the Community of His Divine Mercy Church, for which he is a Trustee, are so closely aligned, the privity requirement has been met. Consequently, plaintiff's claims against the government are barred by res judicata.

### III.

A district court has discretion to remand a case after the claims that gave rise to federal jurisdiction and to removal have been dismissed. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357, 108 S.Ct. 614, 623, 98 L.Ed.2d 720 (1988); *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 338-39 (5th Cir. 1999) (affirming remand of state claims after plaintiff's amended complaint dropped claim that was completely preempted by federal law). Without the federal government as a party, there is no independent basis for federal subject matter jurisdiction.[2] The case is still in the early stages of litigation and has not been set for trial. All discovery has been stayed pending a ruling on the motions to dismiss. Neither the parties nor the court has expended significant resources on the merits of the case. Although Eveready has filed a motion to dismiss on its affirmative defense of collateral estoppel, that procedural issue can be resolved just as easily by a state court. In view of the dismissal of plaintiff's claims against the federal government, his state law claims against Eveready should be remanded to Texas state court.

---

[2] Plaintiff asserts only state law claims against Eveready who, like plaintiff, is a citizen of Texas.

**RECOMMENDATION**

The government's motion to dismiss [Doc. #23] should be granted. All claims against the United States of America and its employees, Megan J. Fahey and Lanette Cardinale, should be dismissed with prejudice. Plaintiff's claims against Eveready Services, Inc. should be remanded to state court for further proceedings.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 6, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE